UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

16CV0783

UNITED STATES OF AMERICA,
                    RESPONDENT,
v.

JOHN A. MATTERA
                    PETITIONER

MOTION UNDER 28 U.S.C §2255 TO
VACATE, SET ASIDE, OR CORRECT
SENTENCE AND TO EXTEND TIME
TO FILE PETITION (FULLY)

Petitioner John A Mattera (hereinafter "Petitioner" or "Mr. Mattera") hereby files this motion pursuant to 28 U.S.C. §2255 and requests leave to amend his petition and to extend the time in order to raise all cognizable and meritorious claims and in support of this motion states:

1. Petitioner pled guilty to a four count indictment charging conspiracy to commit securities fraud, a violation of 18 U.S.C. §371 (Count One); Securities Fraud, in violation of 15 U.S.C. §78(j)(b) and 78(f)(f), 17 C.F.R., Section 240.10b-5 and 18 U.S.C. §2 (Count two); wire fraud in violation of 18 U.S.C. §1343 and 2 (Count three); and money laundering, in violation of 18 U.S.C. §1956(a)(2)(B)(i) and §2 (Count Four) pursuant to a written plea agreement aht waived certain appeal / collateral rights.

2. Petitioner was sentenced on June 21, 2013 whereas an original judgment was issued on June 21, 2013 and later amended on August 26, 2013.

3. Petitioner was sentenced to 132 months (60 months Ct1, and 132 months as to Ct 2, 3, and 4 to run concurrently, restitution of $13,456,859.00 as well as forfeiture. Petitioner did not file a direct appeal due to his belief that the waiver in the plea agreement was applicable.

4. The Petitioner accepts that he may be time-barred as his petition is outside the one-year window, however petitioner asserts actual innocence and equitable tolling are applicable in this case.

5. Petitioner intends to raise cognizable and meritorious claims in the nature of:

   a. Petitioner is actually innocent. As evidenced by the plea transcript (P. 19) where the Petitioner could not admit guilt as he had no prior knowledge of the illegal nature of the crime. Moreover Petitioner supplements his petition with an affidavit in support of his claim as to a sidebar conference that took placed between the AUSA and his attorney where he as advised he must plead guilty. See Attached Exhibit "A"

1

   b. The plea agreement is null and void based on the Government's breach in imposing a restitution above that which was contained in the agreement. In addition, the Government misrepresented Petitioner's criminal history category.

   c. The Government violated Petitioners due process rights by withholding information prior to the plea that it's cooperating witnesses were actually employees of the Government within the Westfall Act and the Government has a "storefront" where their agents seek to induce law abiding citizens into joining their conspiracies and inducing them into illegal conduct in violation of the law. It was the Government agents who authorized "clearing escrow."

   d. Counsel was constitutionally ineffective for failing to obtain Brady materials from the Government prior to the plea. Prospective waivers cannot be allowed where Due Process rights are involved and implacates the very nature of the knowing and voluntary requirement of guilty pleas as constitutionally mandated.

 6. Due to the nature of the claims raised, the defendant has had to exercise extraordinary diligence in order to secure the information needed to raise his claims such as sending out Freedom of Information Act Requests which takes consideration amount s of time to obtain responses. Petitioner will detail out his efforts to equitably toll the time in his full petition.

 7. Petitioner is awaiting additional responses to information requests in order to fully raise all claims and as such requests the leave of the court to file and amended petition as well as an extension of 90 additional days so he can fully brief his petition and provide a comprehensive brief to the court.

WHEREFORE, Petitioner requests this Honorable Court construe this motion as his initial filing pursuant to 28 U.S.C. §2255 ( Motion to Vacate, Set Aside, or Correct Sentence) and grant an extension of 90 days so Petitioner can file a comprehensive pleading of his claims.

Dated: January 15, 2016

               Respectfully submitted,

               John A. Mattera,
               Reg. No. #97650-004
               Federal Correctional Complex
               Yazoo City Low
               P O Box 5000
               Yazoo, Mississippi 39194

I certify under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. §2255 was placed in the prison mailing system on January 16, 2016.

Executed: January 16, 2016

                      */s/ John A. Mattera*
                      John A. Mattera

EXHIBIT "A"

DECLARATION OF JOHN A MATTERA IN SUPPORT OF
28 U.S.C. § 2255 MOTION

JOHN A. MATTERA declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a federal inmate serving a sentence imposed by the District Court for the Southern District of ~~Florida~~ NEW YORK. I am over 18 years old, I believe in the obligations of an oath, and I am familiar with the facts set forth herein. I am making this Declaration in support of my Motion pursuant to 28 U.S.C. §2255 which it is annexed to.

2. On October 2, 2010 I pled guilty in the instant criminal action to one count of conspiracy to commit securities fraud, one count of securities fraud, one count of wire fraud, and one count of money laundering before Judge Richard Sullivan of the District Court for the Southern District of New York (12-cr-0127 (RJS)).

3. During the plea colloquy on October 2, 2012, Judge Sullivan was visably upset when I could not for the life of me say I was guilty to money laundering when the $100,000 amount came from my controlled account and was sent to my personal account at Pictet & Cie, a bank I, and my family have been with for years.

4. The money was paid with clean funds obtained from a transaction with Scott Braun and Justin Bieber of $1.75 million in April of 2011. As much of the money from escrow to my controlled corporate accounts were of clean origin.

5. The judge ordered a recess and I was to meet in a private room with my counsel, Carl Schoeppl & prosecutor Eugene Ingoglia. I said "I cannot tell the judge a lie in open court when I did not do these things, I did not know of this scam (by Bradford Van Siclen, Patrick Lochrie, David Carruthers or their rogue FBI Agent handler john Osa) in June of 2011 so I could not say I was guilty of money laundering. They said jointly while both stareing at me! you have to tell the judge something if you want this plea agreement to go thru inferring, make up something (or lie) to the judge so that he accepts the plea or we go to trial.

6. I went back out and lied to teh court based on that sidebar recess and told the judge I knew it was a scam at the time (when I did not) of $100,000 wire transfer to my personal account at Pictet & Cie.

7. This count also makes no sense as $100,000 went from John A. Mattera controlled accounts to John A Mattera titled account and the money requested returned to be used for company expenses.

8. The Judge ruled that even though I did what both Carl Schoeppl & Eugene Ingoglia advised me to do to obtain the plea, he would set aside this portion of the plea to rule on it later and counsel (Carl Schoppl_ NEVER and still does not have my Pictet bank statements, nor ever argued the fact that even though the SEC list of victims & amounts on June 17, 2013 included $1.75 million Scott Braun was later removed,

1.75 million Scott Braun was later removed as he received his share shows that these funds were clean origin.

Further sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct

Executed: Yazoo City, Mississippii

January 15, 2016

_____
John A. Mattera

```
                    DUE DILIGENCE AFFIDAVIT
              IN SUPPORT OF 28 U.S.C. 2255 MOTION
```

JOHN A MATTERA declares under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am a federal inmate confied at the Yazoo City Federal Correctional Complex. I am over 18 years old, I believe in the obligations of an oath, and I am familiar with the facts et forth herein. I am making this Declaration in support of my Motion pursuant to 28 U.S.C. §2255 which it is annexed to.

2. Since my sentencing on June 21, 2013 I have not stopped with my attempt to piece this case together as counsel did not present most of the evidence to me and clearly go through it, explaining the detail or ramifications of the evidence, prior to my plea.

3. Counsel did not EVEN go thru emails, text messages or have my companies data as it was illegally stolen by an employee and turned over to the SEC in which I nor counsel had ability to review prior to the plea signing. Counsel never deposed a single person in this case nor review the Government's evidence (provided in 3 TB electronic form) provided to me "PRIOR" to the plea. The only thing reviewed were statements from the companies in question that John A Mattera and entities controlled by him did not have $1.5 million plus of facebook shares & $500k Groupon Shares & that Mattera had 2.6 million share of Fisker. They did not know I brought 750,000 warrants from a third party & kept it in the entities name and counsel never brought any of this to the attention of Judge Suillivan / prosecutor even after I sent him emails to do so.

4. When landing in Pensacola, a serious labor camp, you are required to perform hard labor Monday thru Friday, up at 4:30AM, board a bus and transported to a military base to do weed whacking, push mowing, hedging, and or heavy landscaping labor. You then arrive back on days at 3:00-4:00 pm to check in, eat, get your laundry, shower, go to bed and start it all over the next day. Due to the conditions enforced by the facility there is very little time to focus on your appeal/ 2255.

5. Due to the conditions of imprisonment at Pensacola, I have had to reach out to third parties to assist with collecting information, case files, and conducting analysis in raising my claims.

6. I was recently transferred to FCI Yazoo City, where the conditions are less stringent and I have been able to actively work on my case and I continue to do so. Notably, the BOP lost all of my legal work during transport and I had to start all over again.

7. This is just a brief summary of the efforts undertaken and more detailed information regarding my due diligence will be forth coming.

Further sayeth naught.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Yazoo City, Mississippi
January 15, 2016

John A. Matteva
Reg. # 97650-004
Federal Correction Complex
Yazoo (Low)
PO Box 5000
Yazoo City, MS 39194

USMps SDNY

7004 2890 0001 1014 5947

FEDERAL CORR. INSTITUTION
PO BOX 5050
YAZOO CITY, MS 39194

01-14-10

THIS LETTER WAS PROCESSED
SPECIAL

This letter was opened or inspected if there was a problem over which we had no control. You may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address.

Criminal
Docketing
1/29/10
BW

Hon. Clerk of the Court
Southern District of New York
US District Court
500 Pearl Street
New York, NY 10007

Hon. Clerk of the Court
Southern District of New York
US District Court
500 Pearl Street
New York, NY 10007

CMCF Wilkinson Complex
(Low)
Box 5000
CMCF, MS 39194

Winnie Barbour